[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 23, 2007
THOMAS K. KAHN
CLERK

————————————————

No. 05-16070

————————————————

D.C. Docket No. 03-00232-CR-F-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY JEVON SEWELL,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Alabama

————————————————

**(February 23, 2007)**

Before CARNES, PRYOR and FARRIS[*], Circuit Judges.

PER CURIAM:

---

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Timothy Sewell appeals his conviction and sentence for conspiracy to possess methamphetamine with intent to distribute, possession of methamphetamine with intent to distribute, and possession of a firearm by a convicted felon. We affirm.

The record shows that Sewell engaged in coordinated conduct that went beyond simple "buy-sell" transactions. He frequently traveled with John Tierce to Atlanta to buy methamphetamine, sometimes pooling his and Tierce's money to make purchases. He also enlisted his girlfriend, Jamie Davis, to hold large amounts of money and drugs for him. There is sufficient evidence, if believed, to convict Sewell of conspiracy.

The district court gave the standard Eleventh Circuit jury instruction on the elements of conspiracy. This instruction sufficiently addressed the substance of Sewell's requested "buyer-seller" instruction. *See United States v. Brazel*, 102 F.3d 1120, 1140 (11th Cir. 1997); *United States v. Lively*, 803 F.2d 1124, 1128-29 (11th Cir. 1986).

Evidence of witness intimidation is generally admissible to show a defendant's consciousness of guilt, *see Brazel*, 102 F.3d at 1154. There is no showing that Sewell's particular acts of intimidation were so unduly prejudicial that they should have been excluded under Fed. R. Evid. 403.

This court's precedent clearly establishes that escape is a crime of violence for purpose of applying the Career Offender Guideline, U.S.S.G. § 4B1.1. *See United States v. Gay*, 251 F.3d 950, 954 (11th Cir. 2001).

Sewell's alleged miscalculation arguments are all moot. The district court subjected Sewell to the Career Offender Guideline, U.S.S.G. § 4B1.1. Under the Career Offender Guideline, Sewell's offense level was automatically set at 34 and his criminal history was automatically set at VI, regardless of how his offense level and criminal history would otherwise have been calculated. *See* U.S.S.G. § 4B1.1(b).

Sewell provides absolutely no reasoning as to why his 250-month sentence was unreasonable. The party challenging the sentence has the burden of showing that it is unreasonable, *United States v. Pope*, 461 F.3d 1331, 1333 (11th Cir. 2006).

Sewell argues that his assistance was substantial, and "[t]here is no way the Government can claim that it was honestly dissatisfied with his performance." This bare allegation of substantial assistance is insufficient to compel the Government to make a substantial-assistance motion. As the Supreme Court has said, "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. . . .

3

although a showing of assistance is a necessary condition for relief, it is not a sufficient one." *Wade v. United States*, 504 U.S. 181, 186-87, 112 S.Ct. 1840, 1844 (1992).

AFFIRMED.